IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLIFF W. DARNELL,
MARY B. DARNELL, and
EMILY J. DARNELL,

      Plaintiffs,

    vs.                                                      Civ. No. 21-0125 SCY/JHR

ZIA TRUST, INC., and
DARRYL W. MILLET,

      Defendants.

## ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF DIVERSITY JURISDICTION

THIS MATTER comes before the Court *sua sponte*. Plaintiffs Cliff W. Darnell, Mary B. Darnell and Emily J. Darnell (collectively "Darnells") filed this action on February 14, 2021, in the federal court citing only diversity jurisdiction. [Doc. 1, p. 1]. The Court has a duty to determine whether subject-matter jurisdiction exists and must dismiss the cause at any stage of the proceedings in which it becomes apparent that subject-matter jurisdiction is lacking. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." Section 1332(c) states that for the purpose of diversity jurisdiction, "a corporation shall be deemed to be a citizen . . . of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c). Section 1332 diversity jurisdiction requires complete diversity between the parties, that is, all plaintiffs in a suit are from different states than all defendants at the time suit is brought. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

Here, the Darnells allege that diversity jurisdiction exists even though they allege that 1) Plaintiff Emily J. Darnell is a resident of Sandoval County, New Mexico, 2) Defendant Zia Trust, Inc. is a New Mexico for profit corporation with its principal place of business in Bernalillo County, New Mexico, and 3) Defendant Darryl Millet is a resident of Bernalillo county, New Mexico. [Doc. 1, p. 1]. Given the Darnells' admission that at least one of the Plaintiffs and both Defendants are citizens of New Mexico and that diversity jurisdiction requires complete diversity, it does not appear that the Darnells are able to make the required showing for diversity jurisdiction.

**WHEREFORE, IT IS HEREBY ORDERED** that the Darnells must provide the Court with a written explanation showing why complete diversity of citizenship either exists or is not required in this case, on or before Monday, March 8, 2021. Failure to do so may result in dismissal of this action without additional notice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

_____
JERRY H. RITTER
United States Magistrate Judge