IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CLIFF W. DARNELL, MARY B. DARNELL,
and EMILY J. DARNELL,

        Plaintiffs,

v.                                              No. 1:21-cv-00125-SCY-JHR

ZIA TRUST, INC. and
DARRYL W. MILLET,

        Defendants.

### DEFENDANT DARRYL W. MILLET'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant Darryl W. Millet, by and through his undersigned counsel Benjamin Hancock, Esq. (Law Office of Benjamin Hancock, P.C.), and pursuant to Rule 12(b)(6) F.R.C.P. hereby moves this Court to dismiss this action against him for failure to state a claim upon which relief can be granted. Specifically, this action is barred by 1) the doctrine of res judicata, also known as claim preclusion; 2) the applicable statutes of limitation; and 3) failure to state a cause of action upon which relief can be granted. Additionally, Defendant Millet moves for his attorney's fees incurred in bringing this *Motion*.

In support of this *Motion*, Defendant Millet states as follows:

### Introduction.

This case arises out of the conservatorship and trusteeship of Plaintiffs' late mother, Jane Blair Bunting Darnell. Ms. Darnell was determined to be an incapacitated adult by the

Second Judicial District Court of New Mexico in Case No. D-202-PQ-2010-00003. That Court appointed Defendant Millet as conservator of Ms. Darnell's financial estate. Ms. Darnell died on November 18, 2015.

During the pendency of the conservatorship, various controversies arose between and among Ms. Darnell's children – the Plaintiffs and their sister, Kristin Darnell – and Defendant Millet. These controversies were resolved by a *Settlement Agreement and Mutual Release* (the "*Agreement*") entered into by all the parties hereto in September of 2016.

That *Agreement* was attached to and made a part of the Second Judicial Court's *Order Granting Motion to Terminate Conservatorship, to Approve All Actions by the Conservator and Trustee, to Release the Conservator and Trustee from Liability, to Distribute Trust Assets, and to Terminate Trust* (the "*Order*"), dated September 29, 2016.

A copy of the *Order* with the attached *Agreement* is attached hereto as Exhibit "A" and incorporated herein by this reference.

Defendant Millet will show that all of the issues and claims raised in this case were addressed or could have been addressed in the conservatorship case in the Second Judicial District Court, and are therefore barred by res judicata/claim preclusion.

Res judicata may be raised through a motion to dismiss; however, the facts necessary to support the defense must be apparent from the face of the pleadings. *Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965).

The Tenth Circuit Court of Appeals in *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) held that federal courts may take notice of proceedings

in other courts, both within and outside the federal judicial system, if those proceedings have a direct relationship to the matters at issue.

In *Hita v. Stansell*, No. CIV 05-1088 LFG/LCS, 2006 WL 8444443 (D.N.M. Mar. 24, 2006), this very Court applied that holding, and took judicial notice of state court proceedings in a case involving a motion for judgment on the pleadings based on res judicata. The Court stated, "A district court is permitted to take judicial notice of public records, including state records of state court proceedings, without need to convert a motion to dismiss or motion for judgment on the pleadings to a motion for summary judgment." Relying on *St. Louis Baptist Temple*, *supra,* the Court continued, "Application of the preclusion doctrines in this case turns on information contained in the complaint and documents appropriately subject to judicial notice." *Id.*

Defendant Millet respectfully requests the Court to take judicial notice of the pleadings filed in the conservatorship in the Second Judicial District Court, and specifically the *Order* and the *Agreement* attached hereto.

**Statement of Undisputed Facts.**

The facts set forth herein are taken solely from the Plaintiffs' *Complaint*, the *Order*, and the *Agreement.*

1. Jane Blair Bunting Darnell, the mother of the Plaintiffs, was determined to be an incapacitated adult in January 2010 by the Second Judicial District Court of New Mexico in Case No. D-202-PQ-2010-00003. The Court determined that Ms. Darnell was unable to handle her financial affairs; therefore, a

conservator would need to be appointed for her, as provided by NMSA 1978 § 45-5-401(B)(1). (*Complaint,* ¶¶ 20-23)

2. On or about April 13, 2010, the Court appointed Defendant Darryl Millet as conservator for Ms. Darnell. (*Complaint,* ¶ 22)

3. Various controversies arose between and among the children of Ms. Darnell (three of whom are the Plaintiffs herein) and Defendant Millet. (*Agreement,* ¶ 2 C)

4. Ms. Darnell died on November 18, 2015. (*Order,* ¶ 1)

5. In September 2016, following negotiations between and among the children of Ms. Darnell and Defendant Millet, the Plaintiffs herein (Cliff W. Darnell, Mary B. Darnell and Emily J. Darnell) – as well as their sister, Kristin Darnell – entered into the *Agreement* with Defendant Millet.

6. The *Agreement* states at Section 3 (Page 2):

   A. The parties hereby mutually release each other from any and all claims, causes of actions, damages, and losses they may allege now or in the future in any manner from the guardianship/ conservatorship for Jane Blair Bunting Darnell, the management of the Clarence E. Darnell and Jane Blair Bunting Darnell Revocable Trust Agreement dated July 19, 1982; as amended and restated on the 2nd day of June, 1998; and any transactions related to the Whitney Trust; or any transactions related to the Rutledge Trusts.

   B. The parties agree not to appeal the Order Granting Darryl Millet's Motion to Terminate Conservatorship, to Approve All actions by the Conservator and Trustee, to Release the Conservator and Trustee from Liability, to Distribute Trust Assets, and to Terminate Trust, to which this Agreement is attached as an exhibit.

C. The parties shall refrain from making defamatory or disparaging remarks, or otherwise communicate any disparaging comments about any party to this Agreement at any time following the execution of this Agreement.

7. All of the Plaintiffs in this action signed the *Agreement*. (See pages 4-6 of Exhibit "A.")

8. On September 29, 2016, the Second Judicial District Court entered the *Order*.

9. The *Agreement* was attached to, referred to, and incorporated into the *Order*.

10. The Second Judicial District Court, on page 3 of the *Order*, specifically released Defendant Millet from any liability:

    A. The Guardianship and Conservatorship of Jane Blair Bunting Darnell is terminated;

    B. The Court approves all actions by Mr. Millet in his capacity as conservator and trustee and deems them proper, including but not limited to: a) the sale of all real property owned by the Clarence and Jane Blair Bunting Darnell Trusts A and B; b) the preparation of all accountings; c) all investments of Trust assets; and d) all distributions from the Clarence and Jane Blair Darnell Trusts A and B.

    C. Mr. Millet is released from any and all liability for actions taken in his capacity as conservator and trustee.

11. The *Order* was not appealed and became a final order of the Second Judicial District Court.

12. The *Agreement* provides for attorney's fees on Page 3, Paragraph 6:

    6. ATTORNEY FEES/LOSER PAYS. In the event any dispute arises from the negotiation, execution, performance, enforcement

> or interpretation of this Agreement and the matter is presented to the Court for resolution, the prevailing Party shall be entitled to his or her attorney fees and costs from the losing Party. Otherwise, each Party to this Agreement shall be responsible for his or her own attorney fees and expenses.

## Argument and Authorities.

I. **This action should be dismissed because it is barred by the doctrine of res judicata (claim preclusion).**

   A. <u>Federal case law</u>.

The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so. *See, e.g., Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

> Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." "To apply the doctrine of res judicata, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."

*Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2003). (Emphasis in original.)

The Tenth Circuit embraces the transactional approach to the definition of "cause of action" as set forth in the *Restatement of Judgments* § 24 (1980). *See, e.g., Petro-management Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the

transaction must therefore be presented in one suit or be barred from subsequent litigation." *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Thus, as this Court has stated, "the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, <u>whether or not raised at trial</u>." *New Mexico Consol. Constr., LLC v. City Council of the City of Santa Fe*, 97 F. Supp. 3d 1287, 1305-06 (D.N.M. 2015). (Emphasis added.)

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

B. <u>New Mexico case law</u>.

"For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891 n. 4, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

Under New Mexico law, claim preclusion "applies equally to [bar] all claims arising out of the same transaction, regardless of whether they were raised at the earlier opportunity, as long as they could have been raised." *Pielhau v. State Farm Mut. Auto. Ins. Co.*, 2013-NMCA-112, ¶ 8, 314 P.3d 698.

> 'The general rule of res judicata applies to repetitious suits involving the same cause of action…(T)he parties to the (first) suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim…but to any other admissible matter which might have been offered for that purpose…'

*Romero v. State*, 1982-NMSC-028, ¶ 10, 97 N.M. 569, 572, 642 P.2d 172, 175.

Federal law and New Mexico law are consistent on the general standards governing claim preclusion. *Deflon v. Sawyers,* 2006–NMSC–025, ¶ 2, 139 N.M. 637, 137 P.3d 577. A party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits.

*Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54, 57.

Like the courts in the Tenth Circuit, New Mexico courts also apply the transactional approach. "In deciding what constitutes a cause of action for res judicata purposes, we apply the transactional approach from the *Restatement (Second) of Judgments* § 24 (1980). Using this approach, we focus on the underlying facts rather than the legal theories relied on in the first action." *Id.* at ¶14, 314 P.3d at 701. (Internal citations omitted.)

  C. <u>Analysis of case law and facts</u>.

Applying the case law – both New Mexico and federal – to the facts of this case, it is clear that this case is barred by res judicata/claim preclusion. All three of the requisite elements set forth in *Potter v. Pierce* (*supra*) are present.

1. <u>There was a final judgment on the merits
in an earlier action</u>.

The Second Judicial District Court entered the *Order* on September 29, 2016. The *Order* was not appealed. Therefore, under New Mexico law, NMSA 1978 § 39-1-1, the *Order* became final on October 29, 2016.

"An unreversed judgment is final between the parties as to all matters to which the judgment relates." *Bank of Santa Fe v. Honey Boy Haven, Inc.,* 1987-NMSC-118, ¶ 4, 106 N.M. 584, 586, 746 P.2d 1116, 1118.

Thus, prongs 1 and 2 of the *Potter v. Pierce* test (a final judgment in an earlier action, and the judgment was on the merits) are met.

2. <u>There is identity of parties in the two suits</u>.

The Plaintiffs herein were all parties in the conservatorship case. Defendant Millet was a party as well. The *Agreement* states at page 1, "The parties to this Agreement are Cliff Westfeldt Darnell, individually, Emily Darnell-Nunez, individually, Kristin Darnell, individually, Mary Darnell, individually, Albuquerque Advocates, P.C., a New Mexico Corporation; and Darryl W. Millet, Esq., individually."

Therefore, prong 3 of the *Potter v. Pierce* test (identity of parties) is met.

3. <u>There is identity of the cause of action in both suits</u>.

All of the claims brought by the Plaintiffs here were addressed or could have been addressed in the conservatorship case.

For example, Plaintiffs' claim that they did not discover that Zia Trust had not filed an Acceptance of Appointment as successor trustee in the conservatorship case until February 15, 2019 (*Complaint*, ¶ 38); however, a simple perusal of the district court file during the pendency of the conservatorship would have showed them that.

Most of Plaintiffs' allegations of wrongdoing on the part of Defendant Millet center on the sales of Trust property in 2013 (*Complaint* ¶¶ 30 – 36; 72). Those allegations could

and should have been brought before the Second Judicial District Court in the conservatorship case. They were not.

The *Order* specifically approved "all actions by Mr. Millet in his capacity as conservator and trustee and deems them proper, including but not limited to: a) the sale of all real property owned by the Clarence and Jane Blair Bunting Darnell Trusts." (*Order,* page 3, ¶ B.) In addition, Plaintiffs waived their right to sue on those charges when they signed the *Agreement* which was attached to and incorporated in the *Order.*

The other claims against Defendant Millet (*Complaint* ¶¶ 62-118) arose out of his actions as trustee, in, among other things, not forming a Trust Advisory Committee and not taking advice from that Committee. All of the allegations in those paragraphs could and should have been brought during the pendency of the conservatorship. They were not.

The *Order* approved "all investments of Trust assets and all distributions from the Clarence and Jane Blair Darnell Trusts A and B." (*Order,* page 3 ¶ B)

The *Order* must be given preclusive effect as required by the Supreme Court in *Migra, supra.*

Using the transactional test approved by both the Tenth Circuit and the New Mexico state courts, it is clear that all of these allegations arose out of the same transactions – Defendant Millet's actions as conservator and trustee. Under this approach, a cause of action includes "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *New Mexico Consol. Constr., LLC v. City Council of the City of Santa Fe*, 97 F. Supp. 3d 1287, 1306 (D.N.M. 2015).

> Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties,

whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach.

*Id.* at 1305–06.

Defendant Millet has met the four criteria for application of res judicata/claim preclusion, and has shown that Plaintiffs' claims all arise from the same transaction, thus meeting the transactional test. Therefore, Defendant Millet respectfully requests this Court to dismiss the Complaint against him for failure to state a cause of action upon which relief can be granted.

II. **Plaintiffs' Complaint should be dismissed because the causes of action therein are barred by the applicable statutes of limitation.**

Plaintiffs sued Defendant Millet for "probate fraud," deceit, breach of fiduciary duty, and collusion.[1] All of these causes of action are barred by limitations, and will be discussed in turn.

   a. **Plaintiffs cause of action for fraud is barred by limitations.**

Plaintiffs' cause of action "probate fraud" relies upon NMSA § 45-1-106 (A), which states:

**45-1-106. Effect of fraud and evasion.**

A. If fraud has been perpetrated in connection with any proceeding or in any statement filed under the Probate Code [45-1-101 NMSA 1978] or if fraud is used to avoid or circumvent the provisions or purposes of the code, any person injured thereby may obtain appropriate relief against the

---

[1] Plaintiffs' *First Amended Complaint* also seems to suggest some sort of liability on the part of Mr. Millet for allegedly clouding the title to the Antonio de la Gandara painting. No specific cause of action was pled in connection with these allegations, they will nevertheless be addressed *infra*.

perpetrator of the fraud including restitution from any person (other than a bona fide purchaser) benefiting from the fraud, whether innocent or not. **Any proceeding must be commenced within two years after the discovery of the fraud.** No proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of commission of the fraud.

(Emphasis added.)

Plaintiffs' claims of fraud stem from a sale of property on June 25, 2013. (*Complaint*, p. 4, ¶32.) Plaintiffs contend they did not discover the alleged fraud until February 15, 2019 (*Id.* p. 5, ¶38.)

However: the final order from the guardianship hearing attached hereto as Exhibit "A" shows that Plaintiffs knew of the sale of the property at that time:

> The Court approves all actions by Mr. Millet in his capacity as conservator and trustee and deems them proper, including, but not limited to: a) **the sale of all real property owned by the Clarence and Jane Blair Bunting Darnell Trusts A and B…**

(Emphasis added.)

On September 16, 2016, when Judge Brickhouse signed the final order, Plaintiffs were parties to the guardianship litigation. Plaintiffs were represented by counsel (Patrick Westerfield, Esq.). Plaintiffs' then-counsel Mr. Westerfield approved Judge Brickhouse's *Order*.[2]

Therefore, it is disingenuous for Plaintiffs to now claim that they did not discover some sale of real estate until two years ago.

---

[2] Indeed, Plaintiffs' counsel Mr. Westerfield even *drafted* the final *Order* that Judge Brickhouse signed.

New Mexico follows the discovery rule, which provides that a cause of action sounding in fraud does not accrue until the plaintiff "discovers" the fraud. *See Wilde v. Westland Dev. Co.,* 2010-NMCA-085, ¶ 18, 148 N.M. 627, 241 P.3d 628; *see also* NMSA 1979, § 37-1-7 (1880) ("In actions for relief, on the ground of fraud . . . the cause of action shall not be deemed to have accrued until the fraud . . . shall have been discovered by the party aggrieved."). NMSA § 45-1-106 expressly incorporates this rule into its limitation period, providing that "[a]ny proceeding must be commenced within two years after the discovery of the fraud."

"[D]iscovery is defined as the discovery of such facts as would, on reasonable diligent investigation, lead to knowledge of the fraud or other injury." *Wilde*, 2010-NMCA-085, ¶ 18 . "In the absence of actual knowledge of fraud, a reasonable-person standard will be applied as to whether a plaintiff should have known of the fraud." *Id*.

If a reasonable person in the plaintiff's position would have made an inquiry leading to the discovery of the fraud, then the plaintiff is said to be on "inquiry notice" and deemed to have discovered the cause of action for purposes of the rule. *See Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 9, 298 P.3d 500.

Plaintiffs signed a *Settlement Agreement* approving the sale of realty by Mr. Millet on September 16, 2016. Plaintiffs were represented by counsel when Judge Brickhouse approved said *Settlement Agreement* on September 29, 2016. Under the analyses of both *Wilde* and *Yuriuc, supra*, any reasonable person would be deemed to have discovered any ostensible fraud in September 2016.

> Although our courts generally characterize the application of the discovery rule as a jury question…<u>where there are undisputed facts that show that the</u>

plaintiff knew or should have become aware of the facts underlying his or her claim by a specific date, the district court may decide the issue as a matter of law. *See, e.g.*, *Brunacini v. Kavanagh*, 1993-NMCA-157, ¶ 30, 117 N.M. 122, 869 P.2d 821.

*Sandel v. Sandel*, 2020-NMCA-025, ¶ 24, 463 P.3d 510, 520.

Therefore, Plaintiffs' claims for "probate fraud" are barred by limitations.

### b. Plaintiffs' cause of action for deceit is barred by limitations.

As more fully discussed in Section III of this *Motion, infra,* New Mexico treats the common law tort of deceit as fraud. Therefore, the two-year statute of limitations for fraud applies to deceit as well. All of the arguments in paragraph (a) above apply equally to the claim of deceit, and thus that count should be dismissed since it is barred by limitations.

### c. Similarly, Plaintiffs' cause of action for breach of fiduciary duty is barred by limitations.

Plaintiffs also sued Defendant Millet for breach of fiduciary duty. New Mexico law does not prescribe a specific statute of limitation for breach of fiduciary duty. Therefore, under NMSA 1978 § 37-1-4,[3] the four-year statute of limitations applies to these claims.

The sale of the property giving rise to Plaintiff's claims transpired eight (8) years ago in 2013. Plaintiffs released all claims against Mr. Millet almost five (5) years ago in

---

[3] § 37-1-4. Accounts and unwritten contracts; injuries to property; conversion; fraud; unspecified actions.

> Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, *and all other actions not herein otherwise provided for and specified within four years.* (Emphasis added.)

September of 2016. Plaintiffs approved – in writing – the actions of Mr. Millet almost five (5) years ago in 2016.[4]

Any reasonable litigant would have discovered any alleged breach of fiduciary duty prior to executing a *Mutual Release*, and prior to seeking state court approval thereof.

Accordingly, the four-year statute of limitations for breach of fiduciary duty ran many years ago, and Plaintiffs' claims for breach of fiduciary duty are barred by limitations.

### d. Plaintiffs' cause of action for collusion is barred by limitations.

For the same reasons set forth in paragraphs (a) and (c) hereof, Plaintiffs' cause of action for collusion is barred by limitations. New Mexico law does not provide a specific statute of limitations for collusion; therefore, the four-year statute of limitations of NMSA 1978 § 37-1-4 applies to this claim as well. The collusion alleged to have taken place between Defendant Millet and Defendant Zia occurred in July and August, 2010 (*Complaint* at ¶¶ 24-25, 104); more than ten years prior to the filing of the *Complaint* herein. Therefore, the claim of collusion is barred by limitations.

---

[4] Indeed, the recitals contained in the *Settlement Agreement and Mutual Release* (attached hereto) executed by Plaintiffs on September 14, 2016, clearly state:

> "K. During the course of the guardianship/conservatorship's last trusteeship process, various family members have expressed disapproval of certain decisions made and actions taken by Darryl Millet as conservator for Jane Blair Bunting Darnell, as well as trustee of the Trust.
>
> L. The parties have determined that it is in the best interest to set aside all such disputes, and have all parties execute a Mutual Release to effectively resolve all disputes between the parties."

### e. Plaintiffs' (ostensible) causes of action regarding ownership of the Antonio de la Gandara painting is barred by limitations.

As stated above, Plaintiffs' *First Amended Complaint* also seems to suggest some sort of liability on the part of Mr. Millet for allegedly clouding the title to the Antonio de la Gandara painting. To the extent a cause of action was pled in connection with these allegations, they will now be addressed.

For the same reasons set forth in paragraphs (a) and (c) hereof, Plaintiffs' cause of action regarding ownership of the Antonio de la Gandara painting is barred by limitations.

The letter sent by Defendant Millet to the Gibbes Museum of Art (which is implied to have caused a cloud on the title to the painting) is dated February 1, 2016. Plaintiffs filed their original Complaint herein on February 14, 2021.

Plaintiffs' Complaint alleges that "Mr. Millet failed to dispose of all assets belonging [to] Blair Darnell; in particular, Mr. Millet failed to determine and transfer interests in a painting – "Madame X by Antonio de la Gandara – that was owned by Blair Darnell."

This is yet another application of the statute of limitations found in NMSA 1978 § 37-1-4 for *"all other actions not herein otherwise provided for and specified within four years."*

The four-year statute of limitations expired in February, 2020, thus the cause of action regarding the painting is time-barred.

### III. Plaintiffs' cause of action for deceit fails as a matter of law.

While the great common law of England may have promulgated a cause of action for "deceit," historically New Mexico has not recognized deceit as a separate tort from fraud. Rather, New Mexican courts have referred to these torts interchangeably. For example, in

*Maxey v. Quintana*, 1972-NMCA-069, 84 N.M. 38, 499 P.2d 356, the court repeatedly referred to the tort of "fraud or deceit." *Id.* ¶¶ 9, 12-17. Other cases refer to the tort as "fraud and deceit." *See Hockett v. Winks*, 1971-NMSC-059, ¶ 2, 82 N.M. 597, 485 P.2d 353, *overruled on other grounds by Duke City Lumber Co. v. Terrel*, 1975-NMSC-041, 88 N.M. 299, 540 P.2d 229.

"[I]ntentional deceit is one of the elements of fraud." <u>Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd.</u>, 1991-NMSC-097, ¶ 20, 113 N.M. 9, 15, 820 P.2d 1323, 1329.

New Mexico applies the elements of common law fraud to the tort of deceit. *See Hockett v. Winks*, *supra*, ¶ 2.

> To prove fraudulent misrepresentation, a plaintiff must demonstrate by clear and convincing evidence that (1) a representation of fact was made (either by commission or by omission) that was not true, (2) the defendant made the representation knowingly or recklessly, (3) the representation was made with the intent to induce the plaintiff to rely upon it, and (4) that the plaintiff relied on the representation.

*Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 22, 310 P.3d 611, 620.

Implicit in the case law (and in the applicable jury instruction, UJI 13-1633) is that the misrepresentation must have been made <u>to the plaintiff</u>, with the intent to induce reliance by the plaintiff, and that the plaintiff relied on the representation.

Nothing in the jury instruction or in the case law provides that the plaintiff can sue on a misrepresentation made to a third party, in this case the District Court.

The jury instruction states two elements that the Plaintiffs here cannot meet – "Third, the representation was made with the intent to deceive and to induce (*party*

*claiming fraud*) to rely on the representation; and Fourth (*party claiming fraud*) did in fact rely on the representation."

Plaintiffs here do not allege that the representations were made to induce them to rely on the representation; they allege that the representations were made to induce the District Court to rely on the representation.

Representations made to a court were held not to constitute fraud in *Saylor v. Valles*, 2003-NMCA-037, ¶ 20, 133 N.M. 432, 438, 63 P.3d 1152, 1158,

> Even if Defendants had a duty to Plaintiffs, the complaint does not allege that Plaintiffs relied on the misrepresentations at any point in time. The complaint makes several allegations that Defendants made false and misleading representations "*during the appeal.*" Assuming these allegations to be true, they show that misrepresentations were made to the district court, not to Plaintiffs. Given the failure of the complaint to address sufficiently the duty and reliance elements of the claim, the district court properly dismissed Count V. *Id.*

So, too, the Complaint in this case does not allege that the Plaintiffs did, in fact, rely on the representations.

Where all the elements constituting fraud or deceit are not alleged, the complaint must be dismissed. *See, e.g., Saylor v. Valles*, 2003-NMCA-037, ¶ 22, 133 N.M. 432, 63 P.3d 1152, affirming the dismissal of a fraud claim where the plaintiffs failed to plead reliance, "an essential element of fraud."

Therefore, Plaintiffs' claim of deceit fails as a matter of law and must be dismissed.

IV. **The Court should award Defendant Millet his attorney fees and costs incurred in bringing this *Motion*.**

Under New Mexico case law, each party bears his own attorney fees with a very few exceptions. "New Mexico follows the American rule regarding attorney fees, which is that,

absent statutory or other authority, such as court rule <u>or a contractual agreement</u>, each party should bear its own attorney fees." *Clark v. Sims*, 2009-NMCA-118, ¶ 21, 147 N.M. 252, 258, 219 P.3d 20, 26. (Emphasis added.)

However, in the case at bar the parties contractually agreed, in Paragraph 6 of the *Settlement Agreement,* that "the prevailing Party shall be entitled to his or her attorney fees and costs from the losing Party."

If this Court grants Defendant Millet's *Motion to Dismiss,* Defendant Millet requests that the Court award him his reasonable attorney's fee and costs.

### Prayer.

WHEREFORE, Defendant Millet prays for the following relief:

1. That the *Complaint* against him be dismissed with prejudice, and that Plaintiff take nothing thereby;

2. That he be awarded a reasonable attorney's fee and his costs incurred in bringing this *Motion*; and

3. For such other and further relief to which he may be deemed to be entitled either at law or in equity.

Respectfully submitted,

LAW OFFICE OF BENJAMIN HANCOCK, P.C.

<u>*/s/ Benjamin Hancock*</u>
By: Benjamin Hancock
6121 Indian School Road NE, Suite 206
Albuquerque, NM 87110
Phone: 505.508.4343
Fax: 505.508.4323
ben@benhancocklaw.com
*Attorney for Defendant Darryl W. Millet*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion to Dismiss* was sent by electronic mail, in accordance with FED. R. CIV. P. 5, NMRA, with this *Certificate of Service* to the below-named parties on this 20th day of May, 2021.

Charles N. Lakins, Esq.
Lakins Law Firm, P.C.
P.O. Box 91357
Albuquerque, NM  87199
charles@lakinslawfirm.com

Lynn E. Mostoller, Esq.
Sutin, Thayer & Browne
P. O. Box 1945
Albuquerque, NM 87103-1945
lem@sutinfirm.com

Christina M. Looney, Esq.
Sutin, Thayer & Browne
P. O. Box 1945
Albuquerque, NM 87103-1945
cml@sutinfirm.com

*/s/ Benjamin Hancock*
Benjamin Hancock