FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
**9/29/2016 4:03 PM**
**Lourdes Perez**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

D-202-PQ-2010-00003

IN THE MATTER OF JANE BLAIR BUNTING DARNELL,
An Adult Incapacitated Person.

### ORDER GRANTING MOTION TO TERMINATE CONSERVATORSHIP, TO APPROVE ALL ACTIONS BY THE CONSERVATOR AND TRUSTEE, TO RELEASE THE CONSERVATOR AND TRUSTEE FROM LIABILITY, TO DISTRIBUTE TRUST ASSETS, AND TO TERMINATE TRUST

This matter having come before the Court on Darryl Millet's Motion to Terminate Conservatorship, to Approve All Actions by the Conservator and Trustee, to Release the Conservator and Trustee from Liability, to Distribute Trust Assets, and to Terminate Trust, the Court having reviewed the pleadings, having heard argument from counsel, and otherwise being fully briefed on the issues, hereby finds the Motion is well taken and should be and hereby is GRANTED.

The Court finds as follows:

1. Jane Blair Bunting Darnell died on November 18, 2015.

2. The personal property items held by the Clarence and Jane Blair Bunting Darnell Trust A and Trust B ("Trust") at the time of Blair Darnell's death included memorabilia and household items. Those items have been distributed to the trust beneficiaries in accordance with agreements made between the parties. At this time, all personal property items have been distributed, and the remaining trust assets are held in cash and investment accounts at RBC Wealth Management, along with a trust checking account managed by the Trustee.



EXHIBIT
A

3. Under the terms of the trust, the following distributions are to be made:

| | |
|---|---|
| $1,000.00 | Gene Darnell |
| $5,000.00 | Ray Dale Darnell |
| $5,000.00 | Don Darnell |

4. The trustee has caused the tax returns for the Trust and for Blair Darnell to be completed and filed for tax years ending on or before December 31, 2015.

5. A tax return shall be prepared and filed for the tax year commencing on January 1, 2016 for the Trust and for all subsequent tax years until the Trust is terminated. The Trust will incur accounting expenses until the Trust is terminated.

6. The Trustee has incurred legal expenses that will be ongoing until the Trust is terminated and shall be paid by the Trust.

7. The Trustee is entitled to compensation for services rendered until the Trust is terminated.

8. The Trustee anticipates that $100,000 shall be held back to pay for expenses, including, but not limited to, potential legal expenses, if any trust beneficiary appeals this order.

9. In October 2013 the Trustee sold the real property owned by the Trust.

10. All remaining trust assets augmented by the partial distributions already made to Cliff Westfeldt Darnell, Emily Jane Bunting Darnell n/k/a Emily Darnell Nunez and Mary Brett Darnell, plus crediting to Kristin Blair Darnell for the one-quarter of the funeral expenses in excess of the prepaid funeral costs, less the payment of all expenses, including those listed above in paragraphs 5 through 7 are to be divided equally between Cliff Westfeldt Darnell, Emily Jane Bunting Darnell n/k/a Emily Darnell

2

Nunez, Mary Brett Darnell, and Kristin Blair Darnell Schmitt, n/k/a Kristin Blair Darnell, subject to the $100,000 holdback under Paragraph 8.

11. The Trustee has submitted proper and complete reports and accountings for the Trust and Conservatorship.

12. That Kristin Blair Darnell has not taken part in any action challenging the conservator and trustee's actions.

IT IS THEREFORE ORDERED AS FOLLOWS:

A. The Guardianship and Conservatorship of Jane Blair Bunting Darnell is terminated;

B. The Court approves all actions by Mr. Millet in his capacity as conservator and trustee and deems them proper, including but not limited to: a) the sale of all real property owned by the Clarence and Jane Blair Bunting Darnell Trusts A and B; b) the preparation of all accountings; c) all investments of Trust assets; and d) all distributions from the Clarence and Jane Blair Darnell Trusts A and B.

C. Mr. Millet is released from any and all liability for actions taken in his capacity as conservator and trustee;

D. The distribution of the Trust assets and the proposed actions of the Trustee, as set forth above herein, are appropriate and the Trustee is ordered to take those actions and to instruct the investment advisor at RBC Wealth Management, within five (5) business days of the entry of the Order, to transfer the investments in kind to the trust beneficiaries pursuant to the terms of this Order.

E. The Court approves the withholding of $100,000 to pay for any reasonable expenses incurred after the entry of this Order, including, but not limited to, attorneys' fees. If any beneficiary signs the settlement agreement and mutual release, attached hereto as Exhibit

A, that beneficiary's portion of the trust assets shall not be burdened by the $100,000 hold back, and only the beneficiary(ies) who do not sign the settlement agreement and mutual release shall have their trust distribution(s) reduced by the $100,000 holdback.

F. Any monies remaining after all expenses, including legal expenses incurred after the entry of this Order, shall be distributed proportionately to the beneficiary(ies) whose trust distribution(s) was burdened by the $100,000 holdback within five (5) business days following the payment of the final expenses.

G. The Trust shall be terminated upon distribution of the remaining trust assets.

HONORABLE BEATRICE BRICKHOUSE
Second Judicial District Court Judge

9/29/16

Respectfully submitted,

**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**

By: /s/ Tiffany L. Roach Martin
   Marjorie A. Rogers
   Tiffany Roach Martin
   Post Office Box 2168
   500 Fourth Street, N.W., Suite 1000
   Albuquerque, New Mexico 87103-2168
   Telephone: (505) 848-1800
   *Attorneys for Darryl W. Millett*

*APPROVED AS TO FORM:*

By:*electronic approval on 9-15-16*
Gregory Mackenzie
4155 Montgomery Blvd. NE
Albuquerque, NM 87109
*Attorney for Kristin Blair Darnell*

4

By: *electronic approval on 9-14-16*
Patrick L. Westerfield
P. O. Box 25051
Albuquerque, NM  87125
*Attorney for Cliff Darnell, Mary Darnell, and Emily Darnell Nunez*



EXHIBIT

A

## SETTLEMENT AGREEMENT
## AND MUTUAL RELEASE

The purpose of this AGREEMENT AND MUTUAL RELEASE is to bind the parties who are signatories to this AGREEMENT AND MUTUAL RELEASE ("Agreement"). A party signing this Agreement, will be bound by the terms and conditions of this Agreement as of the date the party signs the Agreement. A party not signing the Agreement shall not be bound by the terms of the Agreement but shall not derive any benefits from the Agreement. The parties to this Agreement are Cliff Westfeldt Darnell, individually, Emily Darnell-Nunez, individually, Kristin Darnell, individually, Mary Darnell, individually, Albuquerque Advocates, P.C., a New Mexico Corporation; and Darryl W. Millet, Esq., individually.

1.　　**REFERENCES.** The parties shall be referenced as set forth above or collectively as ("The Parties").

2.　　**RECITALS.**

A.　　Jane Blair Bunting Darnell passed away on November 18, 2015.

B.　　The parties have been working toward an amicable resolution to all disputes as well as the final distribution of all assets held by the Clarence and Jane Blair Bunting Darnell Trusts A and B (hereinafter "Trust"). The parties have agreed to termination of the conservatorship and Trust and distribution of the trust assets as set forth in the Order Granting Darryl Millet's Motion to Terminate Conservatorship, to Approve All Actions by the Conservator and Trustee, to Release the Conservator and Trustee from Liability, to Distribute Trust Assets, and to Terminate Trust, to which this agreement is attached as an Exhibit.

C.　　The parties have agreed to refrain from making any disparaging or defamatory remarks in the future concerning any of the parties to this agreement at all times in the future.

D.　　The personal property items held by the trust at the time of Jane Blair Bunting Darnell's death included memorabilia and household items. Those items have been distributed to the trust beneficiaries in accordance with agreements made between the parties. At this time, all personal property items have been distributed, and the remaining trust assets are held in cash and investment accounts at RBC Wealth Management, along with a trust checking account managed by the Trustee.

E.　　Under the terms of the trust, the following distributions are to be made:

| | |
|---|---|
| $1,000.00 | Gene Darnell |
| $5,000.00 | Ray Dale Darnell |
| $5,000.00 | Don Darnell |

F.    The trustee has caused the tax returns for the Trust and for Blair Darnell to be completed and filed for tax years ending on or before December 31, 2015.

G.    A tax return shall be prepared and filed for the tax year commencing on January 1, 2016 for the Trust and for all subsequent tax years until the Trust is terminated.   The Trust will incur accounting expenses until the Trust is terminated.

H.    The Trustee has incurred legal expenses that will be ongoing until the Trust is terminated.

J.    The Trustee is entitled to reasonable compensation for services rendered until the Trust is terminated.

K.    During the course of the guardianship/conservatorship/trusteeship process, various family members have expressed disapproval of certain decisions made and actions taken by Darryl Millet as conservator for Jane Blair Bunting Darnell, as well as trustee of the Trust.

L.    The parties have determined that it is in the best interest to set aside all such disputes, and have all parties execute a Mutual Release to effectively resolve all disputes between the parties.

3.   **TERMS OF AGREEMENT.**

A.    The parties hereby mutually release each other from any and all claims, causes of actions, damages, and losses they may allege now or in the future in any manner from the guardianship/conservatorship for Jane Blair Bunting Darnell, the management of the Clarence E. Darnell and Jane Blair Bunting Darnell Revocable Trust Agreement dated July 19, 1982; as amended and restated on the 2nd day of June, 1998; and any transactions related to the Whitney Trust; or any transactions related to the Rutledge Trusts.

B.    The parties agree not to appeal the Order Granting Darryl Millet's Motion to Terminate Conservatorship, to Approve All Actions by the Conservator and Trustee, to Release the Conservator and Trustee from Liability, to

2

Distribute Trust Assets, and to Terminate Trust, to which this Agreement is attached as an exhibit.

C.      The parties shall refrain from making defamatory or disparaging remarks, or otherwise communicate any disparaging comments about any party to this Agreement at any time following the execution of this Agreement.

4.     **WARRANTIES.**

The parties recognize that all parties are represented by competent counsel of their own choosing, or acknowledge that they have elected not to do so. This Agreement is entered into by each of the parties upon their own accord and in a manner free from any duress, undue influence or coercion. By signing the Agreement each of the parties acknowledge that they have not received any representations or promises from any other party in connection with this Agreement, and they have not relied on any representation or promise by any other party in making his or her decision to sign it. Each party to this Agreement has read and fully understands all its terms and agreement hereto.

5.     **TIME.** The parties acknowledge that time is of the essence in connection with every act that is required to be performed under this Agreement and, therefore, that the time deadlines contained herein are material terms of this Agreement. The parties agree to use due diligence in promptly communicating to carry out the purposes of this Agreement.

6.     **ATTORNEY FEES/LOSER PAYS.** In the event any dispute arises from the negotiation, execution, performance, enforcement or interpretation of this Agreement and the matter is presented to the Court for resolution, the prevailing Party shall be entitled to his or her attorney fees and costs from the losing Party. Otherwise, each Party to this Agreement shall be responsible for his or her own attorney fees and expenses.

7.     **BINDING NATURE OF AGREEMENT.** The terms of this Agreement are binding upon the Parties and inure to the benefit of themselves and their assigns, beneficiaries, heirs, representatives and successors.

8.     **INTEGRATION.** This Agreement contains the entire agreement between and among the Parties and supersedes all prior oral and written agreements concerning the matters herein addressed, if any. Any amendments to this Agreement must be in writing and signed by all the Parties whose interests are affected by the

3

amendment. If it is determined by an appropriate decision maker that any provision of this Agreement is invalid or unenforceable, the remaining provisions shall continue in full force and effect.

9.     **CHOICE OF LAW.** This Agreement shall be governed by and construed according to the laws of the State of New Mexico.

10.    **RULE OF CONSTRUCTION.** This Agreement shall be broadly construed and shall not be construed against any one Party because of the role of that Party's attorney in drafting the document.

11.    **EXECUTION OF COUNTER-PARTS.** This Agreement may be executed in counterparts, each of which will be deemed an original and all of which together will constitute one and the same instrument.

THE TERMS OF THIS AGREEMENT ARE HEREBY VOLUNTARILY AGREED TO BY EACH OF THE PARTIES, AS EVIDENCED BY THEIR SIGNATURES BELOW:

CLIFF WESTFELDT DARNELL                          September 14, 2016

STATE OF NEW MEXICO)
                   )ss.
COUNTY OF BERNALILLO)

On this 14th day of September, 2016, before me, the undersigned officer, personally appeared CLIFF WESTFELDT DARNELL, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

Leslie T. Geron
Notary Public

My Commission Expires:
10/1/2016

4

_Emily Darnell-Nunez_       September _15_, 2016

EMILY NUNEZ-DARNELL

STATE OF NEW MEXICO  )
                              )ss.
COUNTY OF BERNALILLO)

       On this _15th_ day of _September_, 2016, before me, the undersigned officer, personally appeared EMILY DARNELL-NUNEZ, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

                                _Leslie L. Giron_
                                    Notary Public

My Commission Expires:
_10/1/2016_

                                    September _____, 2016

_____
KRISTIN DARNELL

STATE OF NEW MEXICO  )
                              )ss.
COUNTY OF BERNALILLO)

       On this ____ day of _____, 2016, before me, the undersigned officer, personally appeared KRISTIN DARNELL, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

                                 _____
                                    Notary Public

My Commission Expires:

_____

5

_____                    September _____, 2016
EMILY NUNEZ-DARNELL

STATE OF NEW MEXICO  )
                     )ss.
COUNTY OF BERNALILLO)

    On this ____ day of _____, 2016, before me, the undersigned officer, personally appeared EMILY DARNELL-NUNEZ, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

                                         _____
                                             Notary Public

My Commission Expires:

_____

_____                    September _15_, 2016
KRISTIN DARNELL

STATE OF NEW MEXICO  )
                     )ss.
COUNTY OF BERNALILLO)

    On this _15_ day of _September_, 2016, before me, the undersigned officer, personally appeared KRISTIN DARNELL, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

OFFICIAL SEAL
GREGORY W. MACKENZIE
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 7-8-20

My Commission Expires:                             _____
                                             Notary Public

5

_____                        September __16__, 2016
MARY DARNELL

STATE OF Arizona    )
                    )ss.
COUNTY OF Maricopa  )

        On this _16_ day of _September_, 2016, before me, the undersigned officer,
personally appeared MARY DARNELL, known to me to be the person whose name is
subscribed to the within instrument, and acknowledged that he executed the same for the purpose
therein contained.

                                        _____
                                                 Notary Public

My Commission Expires:
_____01-04-2020_____



_____                        September _____, 2016
DARRYL W. MILLET, individually
and on behalf of Albuquerque Advocates, P.C.

STATE OF NEW MEXICO  )
                     )ss.
COUNTY OF BERNALILLO )

        On this ____ day of _____, 2016, before me, the undersigned officer,
personally appeared DARRYL W. MILLET, ESQ., known to me to be the person whose name is
subscribed to the within instrument, and acknowledged that he executed the same for the purpose
therein contained.

                                        _____
                                                 Notary Public

My Commission Expires:
_____

6

MARY DARNELL                                September._____, 2016

STATE OF _____ )
                            )ss.
COUNTY OF _____ )

    On this ____ day of _____, 2016, before me, the undersigned officer, personally appeared MARY DARNELL, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

                                        _____
                                              Notary Public
My Commission Expires:

_____                September ___15___, 2016
DARRYL W. MILLET, individually
and on behalf of Albuquerque Advocates, P.C.

STATE OF NEW MEXICO   )
                              )ss.
COUNTY OF BERNALILLO)

    On this 15th day of September, 2016, before me, the undersigned officer, personally appeared DARRYL W. MILLET, ESQ., known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

                                        _____
                                              Notary Public
My Commission Expires:
10/21/18

                        OFFICIAL SEAL
                        Kimberly A. Gyle
                 NOTARY PUBLIC-State of New Mexico
                 My Commission Expires 10/21/18

6