IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLIFF DARNELL and
MARY B. DARNELL,

      Plaintiffs,

v.                                                        CV 21-0125 WJ/JHR

ZIA TRUST, INC. and
DARRYL W. MILLET[1],

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO QUASH SUBPOENA

THIS MATTER comes before the Court on former Defendant Darryl W. Millet's Motion to Quash Subpoena [Doc. 51], filed April 13, 2022. Having considered the parties' positions and pertinent authority, the Court **denies** the motion.

**I.    BACKGROUND**

Four decades ago, Casey and Blair Darnell created a trust ("Darnell Trust") for their children including Plaintiffs Cliff and Mary Darnell. [Doc. 20, p. 2]. Casey died in 2001; an involuntary conservatorship and guardianship proceeding concerning Blair was initiated in early 2010. [*See id.*, p. 3]. Blair was declared incompetent in state court proceedings[2] and Millet was appointed as the conservator. [*Id.*]. Plaintiffs allege that, on August 2, 2010, the state court appointed Defendant Zia Trust, Inc. as the Successor Trustee of the Darnell Trust, who executed a warranty deed to Millet for a portion of the trust's property despite not filing an acceptance of the appointment. [*Id.*, p. 4; *see also* Docs. 20-1, 20-2].

---

[1] The Court granted Millet's Motion to Dismiss and dismissed all claims against Darryl W. Millet. [*See* Doc. 39].

[2] Conservatorship and Guardianship Proceeding, Cause No. D-202-PQ-201-00003, in the Second Judicial District Court of New Mexico.

1

Some portions of the trust's property were sold, allegedly inappropriately, in 2013. [*See* Doc. 20, pp. 5-6]. In 2016, Plaintiffs and Millet ultimately signed a "Settlement Agreement and Mutual Release." [*Id.*, p. 20; *See* Doc. 21-1]. This settlement was attached to the state court's final order that terminated Blair's conservatorship. [*See* Doc. 21-1, p. 3].

After more proceedings, Plaintiffs received a letter from Zia Trust in 2019, stating that "despite the wording of that 2010 Court order, Zia Trust, Inc. declined to act as successor Trustee, never accepted appointment as successor Trustee under the Darnell trust . . . and never took possession of or administered any property of that Trust." [*See* Doc. 20-3].

Plaintiffs filed a Complaint for Probate Fraud and Breach of Fiduciary Duty against Zia Trust and Millet on February 14, 2021 [Doc. 1], and an amended complaint on May 7, 2021. [Doc. 20]. Both Defendants filed motions to dismiss. [Docs. 21, 22]. The Court granted Millet's motion because of the settlement, [*see* Doc. 39], but denied Zia Trust's motion because it is plausible that "Zia Trust acted without authority when it deeded the Darnell Trust property to Millet. As a corollary, the Court [found] that such alleged unlawful transfer plausibly enabled the conditions under which the Darnell property was disposed of at a loss to its beneficiaries." [Doc. 38, p. 11]. The Court also found that "[w]hether the State District Court's actions operated as an independent superseding cause in the chain of causation is a factual question construed in Plaintiffs' favor at the motion to dismiss stage." [*Id.*].

After the Court's rulings, Zia Trust issued a subpoena to Millet seeking "[a]ll documents in your possession, custody or control concerning *In the Matter of Jane Blair Bunting Darnell, An Adult Incapacitated Person*, Cause No. D-202-PQ-2010-00003." [*See* Doc. 51, p. 9]. Millet filed a motion to quash subpoena on April 13, 2022 [Doc. 51]. Zia Trust responded on April 21, 2022 [Doc. 54], and Millet replied on May 3, 2022. [Doc. 55].

## II.     ANALYSIS

In the original motion to quash, without citing any authority in support, Millet makes one argument: the state guardianship and conservatorship proceedings "are confidential as part of a sequestered protective proceeding [and] [a]ccordingly, Movant is loath to produce the requested documents." [Doc. 51, p. 1].

The Court's Local Rule provides that "[a] motion, response or reply must cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.3(a). Millet's motion fails on this basis alone.

But the motion also fails for a more fundamental reason. Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad and[] 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Blair Darnell's conservatorship proceeding is central to this case and clearly within the scope of discovery. [*See supra* pp. 1-2]. Millet does not provide, nor is the Court aware of, any legal authority that supports his position that discovery of a sequestered proceeding should be quashed totally. For these reasons, the Court denies Millet's requested relief.[3]

---

[3] In the reply, Millet additionally argues without citing authority that discovery of the entire record is overly broad and that other sources can produce some of the same records. [*See* Doc. 55, pp. 4, 5]. In addition to the absence of authority, these arguments are inappropriate because a reply brief does not provide the movant with an opportunity to

Because Blair Darnell's conservatorship is a sequestered proceeding, Zia Trust responds and says that good cause exists under Rule 26(c) for a protective order. [Doc. 54, pp. 2-3]. Zia Trust also submitted a proposed protective order in connection with its response. [*See* Doc. 54-1]. In the reply, Millet argues for a different protective order. [*See* Doc. 55, pp. 4-5]. Again without citing authority, Millet argues that Zia's proposed order is unduly burdensome because it requires him to mark "Confidential" on hundreds of pages; Millet also asks the Court to incorporate Millet's "'release of liability' language found in the proposed *Release*", language that the Plaintiffs did not agree to. [*Id.*, pp. 4-6; *see id.*, p. 16 (release)]. The only authorities Millet cited are Rule 26(c) and a couple of cases to the effect that courts have discretion to issue protective orders. [*See id.*].

Millet neither presented authority for additional relief nor did he justify raising those issues for the first time in the reply. D.N.M.LR-Civ. 7.3(a); [*supra* pp. 3-4, n. 3]. Millet asks the Court in the reply to enter a protective order incorporating language that other parties objected to, but without affording the objecting parties an opportunity to present their arguments. Millet's request for a protective order is denied without prejudice because it fails to comply with local rule and was raised for the first time in the reply.

### III.   CONCLUSION

For the above reasons, the Court **denies** Millet's motion to quash subpoena [Doc. 51].

The parties should note that the request for protective order is denied without prejudice. However, "'before moving for an order relating to discovery, the movant must request a conference with the court' to attempt to informally resolve the dispute. Discovery motions that fail to conform

---

present new issues. *See Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 730 n.3 (S.D. Tex. 2010) ("[T]he scope of the reply brief must be limited to addressing the arguments raised by the [response].") (citation omitted); *see also AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011); *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 200) (reply briefs reply to arguments made in the response brief --- they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration).

to this requirement may be summarily denied." [Doc. 53, p. 2 (citing F. R. Civ. P. 16(b)(3)(B)(v))].

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE